UNITED STATES FIDELITY & GUARANTY CO. *v.* YOUNG.

[91 South. 3. No. 22295.]

CLERKS OF COURTS. *Allegations held to state a cause of action on clerk's bond.*

In suit on circuit court clerk's bond, bill alleging that the clerk received a deposit for costs, and that the sheriff earned specified amount in fees in such action which were wrongfully kept by such clerk, and that it was the clerk's duty to pay such fees to the sheriff out of the amount so. deposited, *held* to state a cause of action, being sufficient to show that the money was deposited with the clerk in his official capacity, under Code 1906, sections 943, 944 (Hemingway's Code, sections 652, 653.)

On suggestion of error.   Suggestion sustained, former judgment set aside, and cause remanded, with directions.

For former opinion, see 90 So. 448.

Anderson, J., delivered the opinion of the court.

In the suggestion of error the attention of the court is for the first time called to this allegation in the last amended bill:

"That in a number of cases the said W. C. Fleming received money or certified checks for costs; that these cases have been disposed of and complainant's fees retained by the said W. C. Fleming, one of such cases being No. 9986, and styled *C. J. Bishop* v. *O. L. David,* where the said Bishop put up a deposit of fifty dollars for costs with the said W. C. Fleming, and that in this case J. P. Young earned thirteen dollars and twenty cents in fees which were wrongfully kept by the said W. C. Fleming; and that the said W. C. Fleming owes complainant a large sum of money so deposited for costs, but that complainant has no way of knowing how many cases come under this heading; that said funds became and were trust funds held by the court for the said J. P. Young; that as clerk of said court the said W. C. Fleming, defendant, has unlawfully and fraudulently converted and appropriated same to his own use; that it was his duty under the law to pay over said moneys to the said J. P. Young as aforesaid, but that, he having made default in the payment of same, that this is a branch of the official bond hereinbefore mentioned and renders all of the defendants herein liable to your complainant on the official bond aforesaid."

It is argued that this language of the bill contains a sufficient averment that at least fifty dollars of the costs in question (appellee's interest therein being thirteen dollars and twenty cents) came into the hands of the clerk as a deposit for costs by virtue of section 943, Code of 1906 (Hemingway's Code, section 652), and that therefore, under section 944, Code of 1906 (Hemingway's Code, section 653), the clerk received such costs by virtue of his office, and is liable therefor on his official bond.

We are  of opinion that this allegation, so far as the alleged deposit with the clerk of fifty dollars by the plaintiff in the case of *C. J. Bishop* v. *O. L. David,* is sufficiently specific to show that this deposit was made with the clerk in pursuance of law, and therefore he would be liable therefor on his official bond.    The court below therefore committed no error in overruling the demurrer to the last amended bill.

The judgment heretofore entered in this cause by this court is set aside, the suggestion of error is sustained, and the cause is remanded, to be proceeded, with in accordance with the opinion of this court.